**UNITED STATES of America,
Appellee,**

v.

**Winston BRISTOL, Defendant–Appellant.**

**No. 04–0664–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 15, 2004.

Jillian S. Harrington (Rochman Platzer Fallick Sternheim Luca & Pearl, LLP, Kenneth Paul, Barry M. Fallick, on the brief), New York, NY, for Appellant.

Teryn Merkyl, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, John Buretta and David C. James, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Appellee.

Present: WALKER, Chief Judge, MINER, and CABRANES, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Defendant-appellant Winston Bristol appeals from a judgment entered on January 30, 2004 in the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*) convicting him, following a jury trial, of possessing and conspiring to possess counterfeited business securities, in violation of 18 U.S.C. §§ 371 and 513(a). We affirm. Familiarity with the facts and the proceedings below is assumed.

On appeal, Bristol argues that: (1) the evidence at trial was insufficient to prove that he knew the instruments (*i.e.*, checks) in question were counterfeit; and (2) some of the evidence presented at trial was obtained pursuant to an illegal search and should have been suppressed upon his motion. Viewing the evidence in the light most favorable to the Government, *see Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the first argument must be rejected. Among other things, Bristol admitted to a coconspirator that one of the checks in question was "bad"; misrepresented the contents of a package containing four counterfeit checks with a face value of over $170,000 by describing them, on the Federal Express airway bill, as "documents" worth one dollar; and continually changed his story to law enforcement officers. This was sufficient to prove intent.

Bristol's second argument, too, lacks merit. He claims that the search of his home was illegal either because it lacked probable cause or because it was a "general search" of the kind considered in *United States v. Liu*, 239 F.3d 138, 140 (2d Cir.2000). But the district court found that even if there was no probable cause for the search, the officers who conducted it acted in good faith both in relying upon and executing their warrant. That finding, which we conclude was proper, precludes any further challenge on the grounds Bristol has identified. *See United*

*States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (officers' good faith reliance on warrant precludes challenge based on lack of probable cause); *Liu,* 239 F.3d at 141 (proof of illegal "general search" requires proof that officers acted without good faith).

For the foregoing reasons, the judgment of the district court is hereby AF-FIRMED.